IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARSAVION WATSON,<br><br>          Petitioner,<br><br>vs.<br><br>MICHEAL MEYERS,<br><br>          Respondent. | 8:24CV166<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on initial review of Petitioner Marsavion Watson's ("Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. For the reasons discussed below, the Court will dismiss the petition without prejudice.

      In his petition filed on May 8, 2024, Petitioner alleged he was a pretrial detainee in the Douglas County Department of Corrections ("DCDC") facing pending criminal charges in CR23-3573 in the District Court of Douglas County, Nebraska. Filing No. 1 at 1–2. Liberally construed, Petitioner sought habeas relief due to a "lack of probable cause" and an allegedly unconstitutional "search and seizure." *Id*. at 6. As relief, Petitioner asked for a punitive damages award.

      A search of Petitioner's state court records, available to this Court online, do not return any publicly available search results for District Court of Douglas County, Nebraska, Case No. CR23-3573, nor any other 2023 district court criminal cases

involving Petitioner.[1]  The lack of results indicates Petitioner's criminal case may have ended in dismissal as Nebraska criminal cases ending in dismissal are sealed under state law.  See Neb. Rev. Stat. § 29-3523(3)(c) ("[I]n the case of an arrest, citation in lieu of arrest, or referral for prosecution without citation, all criminal history record information relating to the case shall be removed from the public record as follows: . . . (c) When charges are filed, but the case is dismissed by the court (i) on motion of the prosecuting attorney, . . . (iii) after acquittal, . . . [or under other specified circumstances], the criminal history record information shall not be part of the public record immediately . . . after the entry of an order dismissing the case.").  The DCDC's online public inmate records also show that Petitioner is no longer in custody in the DCDC.  See https://corrections.dccorr.com/inmate-locator (last visited Nov. 13, 2024).

> As the Eighth Circuit Court of Appeals has explained,
>
> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.2000); see U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Id. (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); see also Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. See Powell v. McCormack, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

Ali v. Cangemi, 419 F.3d 722, 723–24 (8th Cir. 2005).

---

[1] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Because Petitioner is no longer in custody and is not facing any pending criminal charges, the Court concludes this case is moot and must be dismissed. See *McGill v. Mukasey*, No. 8:08CV345, 2009 WL 277556, at *1 (D. Neb. Feb. 5, 2009) (finding habeas petition moot where petitioner was released from custody, there was no continuing injury traceable to the respondents, and court could not issue any decision which would further the relief sought by the petitioner).

For the sake of completeness, the Court also notes that Petitioner cannot seek an award of damages in this federal habeas action as claims for damages related to a prisoner's conditions of confinement must be sought in an action pursuant to 42 U.S.C. § 1983. As the United States Supreme Court has explained:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85

(2000). The Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The Court will enter judgment by separate document.

Dated this 13th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge